**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-20965-DPG**

DINA GOLDSTEIN,

     Plaintiff,

v.

TOWN OF SURFSIDE, FLORIDA,
ENRIQUE DOCE, AND MARK
BLUMSTEIN,

     Defendants.

_____/

### DEFENDANTS, BLUMSTEIN AND DOCE'S JOINT MOTION TO STAY DISCOVERY PENDING DISPOSITION OF JOINT MOTION TO DISMISS BASED ON ABSOLUTE AND QUALIFIED IMMUNITY

Defendants, MARK BLUMSTEIN and ENRIQUE DOCE, by and through their respective counsel and pursuant to Federal Rules of Civil Procedure and Southern District of Florida Rule 7.1, hereby file this Joint Motion to Stay Discovery Pending Disposition of the Joint Motion to Dismiss Based on Absolute and Qualified Immunity and, in support, state:

1.    This action arises from Plaintiff's employment and subsequent termination by the Town of Surfside ("Town"). [ECF No. 1 ¶ 3]. Plaintiff filed her seven-count Complaint on February 12, 2026 asserting claims against the Town, the Former Chief of Police, Enrique Doce ("Doce"), and the Former Town Attorney and Town Manager, Mark Blumstein ("Blumstein"). She alleges (1) race discrimination in violation of 42 U.S.C. § 1981 against the Town and Doce, (2) retaliation in violation of 42 U.S.C. § 1981 against the Town and Doce, (3) race discrimination in violation of Title VII against the Town, (4) retaliation in violation of Title VII against the Town, (5) due process property deprivation in violation of 42 U.S.C. § 1983 against all defendants, (6) due

process liberty deprivation in violation of 42 U.S.C. § 1983 against all defendants, and (7) defamation against the Town and Blumstein. [ECF No. 1 pp. 12-48].

2.      On April 13, 2026, the Town, Doce, and Blumstein filed their Joint Motion to Dismiss Plaintiff's Complaint. [ECF No. 23]. In their Motion, Blumstein asserted entitlement to absolute immunity from Plaintiff's defamation claim and qualified immunity from Plaintiff's due process claims, and Doce asserted entitlement to qualified immunity from Plaintiff's discrimination, retaliation, and due process claims. [ECF No. 23 pp. 24-36]. Should Blumstein and Doce be granted immunity, they will no longer be parties to this case.

3.      In the interest of avoiding unnecessary costs to the litigants and to the court system, as well as unnecessary trial preparation, and because of the shield from suit provided by absolute immunity and qualified immunity, Blumstein and Doce respectfully request the Court stay discovery pending the resolution of the Motion to Dismiss.

4.      "The defense of sovereign or qualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation."); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

5.      Absolute immunity likewise provides immunity from suit. *Gomez v. City of Miami*, No. 23-13364, 2024 WL 4369605, at *1 (11th Cir. Oct. 2, 2024); *Stephens v. Geoghegan*, 702 So. 2d 517, 521 (Fla. 2d DCA 1997) (Absolute immunity "protect[s] a public official from having to defend a suit at all.").

6.      "[R]equiring the defendants to further defend from liability while the immunity issue remain[s] pending, [] effectively denie[s] immunity." *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017); *see also Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) ("[S]ubjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford."); *Mills v. Kinnan*, 411 So. 3d 501, 507 (Fla. 2d DCA 2025) ("[B]eing forced to defend the suit is itself a material injury to an immune public official."). As such, once immunity is asserted, the party asserting immunity should not be subjected to further litigation. *Howe*, 861 F.3d at 1302.

7.      The Court has inherent power to control its docket and the cases before it. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Here, there is good cause to stay discovery considering the objectives of both the absolute and qualified immunity doctrines and the possibility that resolving the threshold immunity questions could dispose of the claims against Blumstein and Doce, eliminating the need for them to engage in discovery entirely. *See Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011). Moreover, there is no need for discovery prior to the resolution of a motion to dismiss challenging the legal sufficiency of a claim. *See Chudasama.*, 123 F.3d at 1367. The Plaintiff will not be prejudiced by this stay, for there will be ample time to engage in discovery should the Motion to Dismiss be denied.

8.      Consistent with S.D. Fla. Local Rule 7.1, undersigned counsel conferred with Plaintiff's counsel regarding the relief sought. Plaintiff's counsel objects to the relief sought. The Town of Surfside has no objection to the relief sought.

### MEMORANDUM OF LAW

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama*, 123 F.3d at 1366. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When determining whether a stay of discovery is appropriate pending resolution of a motion to dismiss, "the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Berry*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1. "The moving party bears the burden of demonstrating that a stay is appropriate." *Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1185 (S.D. Fla. 2020) (internal citation omitted).

Because absolute immunity and qualified immunity provide immunity from suit, not merely immunity from liability, and because there are no issues of fact before the court at this time as motions to dismiss for failure to state a claim present purely a legal question, a stay of discovery pending disposition of the Joint Motion to Dismiss is appropriate. *See Howe*, 861 F.3d at 1302 (finding the trial court abused its discretion when it ordered the defendant to participate in a Rule 26 conference and submit a joint discovery plan because a potentially immune defendant should not be subject to litigation "beyond the point at which immunity is asserted"); *Chudasama*, 123 F.3d at 1367 ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. [] Neither the parties nor the court have any need for discovery before the court rules on the motion."); *Brown v. Williams*, No. 20-CV-24604, 2021 WL 1963403, at *1 (S.D. Fla. May 17, 2021) (granting stay of discovery where motion to dismiss raised qualified immunity defense); *McClamma v. Remon*, No. 8:12-cv-2557-T-33MAP, 2013 WL 1502190, at *2 (M.D. Fla. Apr. 12,

2013) (granting stay of discovery pending resolution of motion to dismiss that raised threshold questions of absolute and qualified immunity); *see also Am. Gold Label Foods, Inc. v. United States*, No. 0:24-CV-60420, 2024 WL 4120679, at *1 (S.D. Fla. Aug. 23, 2024) (granting stay of discovery where motion to dismiss raised sovereign immunity defense); *Hansen v. Smith*, No. 6:25-CV-117-ACC-LHP, 2025 WL 1677717, at *1 (M.D. Fla. June 13, 2025) (granting stay of discovery given the issues of prosecutorial immunity and Eleventh Amendment immunity); *Sheets v. Bell*, No. 2:23-cv-35-JLB-KCD, 2023 WL 11724680, at *1 (M.D. Fla. Mar. 17, 2023) (granting stay of discovery where defendant moved to dismiss raising judicial immunity and Eleventh Amendment immunity).

WHEREFORE, Defendants, MARK BLUMSTEIN and ENRIQUE DOCE, respectfully request this Court grant their Joint Motion to Stay Discovery until the resolution of the Joint Motion to Dismiss based on absolute and qualified immunity and any other relief it deems appropriate.

| | |
|---|---|
| Wydler Law<br>1550 Madruga Avenue, Suite 400<br>Coral Gables, FL 33146<br>(305) 446-5528<br>(786) 422-1373 (fax)<br>***Counsel for Defendant, Mark Blumstein***<br><br>BY: /s/ Lourdes Espino Wydler_____<br>　　LOURDES ESPINO WYDLER<br>　　F.B.N.: 719811<br>　　lew@wydlerlaw.com<br>　　ALANDRA A. TEJEDOR<br>　　F.B.N.: 1031889<br>　　aat@wydlerlaw.com<br>　　Secondary email:<br>　　guertty@wydlerlaw.com | Dean, Ringers, Morgan & Lawton, P.A.<br>Post Office Box 2928<br>Orlando, Florida 32802<br>Tel: 407-422-4310<br>Fax: 407-648-0233<br>***Counsel for Defendant, Enrique Doce***<br><br>BY: /s/ Patricia Rego Chapman_____<br>　　PATRICIA REGO CHAPMAN<br>　　F.B.N.: 85309<br>　　PChapman@DRML-Law.com<br>　　DOUGLAS T. NOAH<br>　　F.B.N.: 863970<br>　　DNoah@DRML-Law.com |

I HEREBY CERTIFY that on this 5th of May, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Attorneys for Defendant, Blumstein*
1550 Madruga Avenue
Suite 400
Coral Gables, FL 33146
(305) 446-5528
(786) 422-1373 (fax)

BY  /s/ Lourdes Espino Wydler
        LOURDES ESPINO WYDLER
        Florida Bar No. 719811
        lew@wydlerlaw.com
        ALANDRA A. TEJEDOR
        Florida Bar No. 1031889
        aat@wydlerlaw.com
        Secondary email:
        guertty@wydlerlaw.com

## SERVICE LIST

Brian H. Pollock, Esquire
Florida Bar No. 174742
Fairlaw Firm
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
(305) 230-4884
(305) 230-4844 (fax)
brian@fairlawattorney.com
*Counsel for Plaintiff*

Jeffrey L. Hochman, Esquire
Florida Bar No. 902098
hochman@jambg.com
Mariela Estrella Tkacik, Esquire
Florida Bar No. 1030433
metkacik@jambg.com
Johnson Anselmo Murdoch Burke Piper & Hochman, PA
International Building

2455 E. Sunrise Boulevard
Suite 1000
P.O. Box 030220
Fort Lauderdale, FL 33304-0220
(954) 463-0100
(954) 463-2444 (fax)
metkacik@jambg.com
cardona@jambg.com
finley@jambg.com
cisaac@jambg.com
***Counsel for Defendant, Town of Surfside, Florida***

Douglas T. Noah, Esq.
Florida Bar No. 863970
Patricia M. Rego Chapman, Esq.
Florida Bar No. 85309
Dean, Ringers, Morgan and Lawton, P.A.
Capital Plaza I
201 East Pine Street, Suite 1200
Orlando, FL 32801
Main: (407) 422-4310
(407) 648-0233
dnoah@drml-law.com
PChapman@drml-law.com
***Counsel for Defendant, Doce***