**INTERNAL AFFAIRS
INVESTIGATIONS**

**SURFSIDE POLICE
DEPARTMENT**

## I.    PURPOSE:

The purpose of this policy is to establish proper protocol and procedures for investigating internal affairs.

## II.    POLICY:

The policy of the Surfside Police Department that all complaints against the Department and/or its employees, including anonymous complaints, will be recorded and investigated. Simultaneously, in the interest of fairness and effectiveness of police operations, the reputation of innocent employees must be protected from mistaken or deliberately false reports or accusations.  The internal affairs system has been established to accomplish    these goals.

AUTHORITY: (FSS 112.533) The Chief of Police is authorized to appoint those persons he deems necessary to investigate allegations of misconduct by Department personnel.

The internal affairs investigator does not have to be a member of the Surfside Police Department and may have other duties assigned as deemed appropriate by the Chief of Police.

The internal affairs investigator, is a direct representative of the Chief of Police in all matters within the purview of the internal affairs function and shall receive orders from and report directly to the Chief of Police.

Nothing in this Departmental Directive shall supersede any statutorily proscribed rights of police personnel under either federal or state laws or terms of any governing labor agreement.

## III.    PROCEDURE:

**A.    GENERAL:**

1.    The Chief of Police will review all citizens complaints and either assigns the investigation to an internal affairs investigator, or   in the case of allegations of a less serious nature, assign the investigation to a supervisor for a Shift Level Investigation.

2.    Serious allegations of misconduct will be brought to the immediate attention of Chief of Police or his designee.

3.    Examples of serious allegations of misconduct for being relieved of duty include, but are not limited to: **[2.07M] [20.01CM]**

   a.    Arrest or detainment of a Departmental employee;

   b.    Criminal and/or official misconduct;

   c.    Allegations of corruption;

**d.** Discharge of a firearm, on or off-duty, in violation of Departmental policy;

**e.** Excessive or unnecessary force;

**f.** Workplace violence and/or hostile work environment;

**g.** Civil rights violations

4. Additionally, the Chief of Police or his designee will be notified in the following types of incidents:

**a.** All police shooting incidents. The Chief of Police or his designee may also appoint an investigator who will respond to act as an observer to familiarize himself with the scene, evidence and witnesses;

**b.** All allegations against departmental personnel that could result in the filing of felony charges;

**c.** All incidents where employees might be relieved of duty for misconduct.

5. Failure of a supervisor to take corrective action under the provisions of this directive, upon observing or being informed of a violation of law or Department rule, shall subject that supervisor to disciplinary action.

**B. EMPLOYEE RESPONSIBILITY:**

1. Departmental personnel learning of conduct or observing conduct which is in violation of any law or directive of this Department by another officer(s) and/or non-sworn employee(s) of the department    shall immediately take necessary action and report the incident to the on-duty supervisor, who shall prepare an "Allegation of Employee Misconduct Form".

**C. CITIZEN COMPLAINTS:**

1. A citizen may lodge a complaint against a Department employee by contacting any supervisor or employee. Employees who receive a complaint from a citizen shall refer the complaint to the employees' supervisor, if immediately available, or to an on-duty supervisor.

**a.** The supervisor shall contact the citizen and if at all possible should meet with the citizen in person. Many citizen complaints are not allegations of misconduct but citizens unhappy with the legal actions of the officer. The complaints are often the result of a misunderstanding of law or procedure. Every effort should be made to understand the complainant's concern and provide information to clarify that the complainant understands the law or procedure in question. If resolved to the complainant's satisfaction, these instances do not require completion of an "Allegation of Employee Misconduct Form."

**1)** If this fails to resolve the matter, the supervisor shall complete the form or;

     **2)**      If there are no elements of a violation of law or Department policy, the supervisor will complete a memo to the Chief of Police to document the incident and explain why he believes there is no violation.

     **3)**      The supervisor will collect any evidence and/or photograph any injuries associated with the alleged complaint and attach these to the Allegation of Employee Misconduct Form.

     **4)**      The form is to be hand delivered in a sealed envelope to the Chief of Police or his designee by the next business day.

    **b.**      If the complaint involves alleged or suspected serious misconduct, the supervisor will record the complaint on an "Allegation of Employee Misconduct Form" and forward it to the Chief of Police or his designee.

## D.    COMPLAINT PROCESSING:

    **1.**      Upon initial receipt of a formal complaint, the Chief of Police or his designee will proceed as follows:

        **a.**      Assign an internal affairs file number and record the complaint in the register.

        **b.**      Assign an investigator to conduct the investigation.

        **c.**      Mail a letter to complainant (if identified) acknowledging receipt of the complaint/allegation. All complainants making serious allegations of misconduct as defined above should file a sworn statement to the facts of the allegation.

    **2.**      The Chief of Police may accept complaints from any member of the department, regarding allegations of misconduct or unlawful activity.  Such members are authorized to report directly to the Chief of Police.

## E.    TYPES OF INVESTIGATIONS:

    **1.**      Internal Affairs Investigation:  **[20.01BM]**

        **a.**      Investigated by a person appointed by the Chief of Police. Usually complaints of a serious nature, such as, but not limited to any violations of criminal statutes, including arrests, corruption violations, or questions of moral turpitude.

    **2.**      Shift Level Investigation: **[20.01AM]**

        **a.**      Investigated by a supervisor where the accused employee ·is assigned. These are usually complaints of a much less serious nature involving a misunderstanding of procedure, demeanor, or rudeness allegations.

## F.    INVESTIGATIVE PROCESS:

    **1.**      Shift Level Investigations:

---

a. When the Chief of Police evaluates a complaint and determines it will be assigned to the accused employee's immediate supervisor, a copy of the original complaint will be delivered to the employee's supervisor.

b. Supervisors shall have 30 calendar days from the date of receipt of the assignment from the Chief of Police to complete the investigation. Extensions may be granted in cases with extenuating circumstances via a memo from the supervisor doing the investigation to the Chief of Police.

c. The investigating supervisor will determine the disposition of the Shift Level Investigation. The disposition must be concurred up the chain of command with the Chief of Police having the final decision.

d. The burden of proof regarding the disposition of a Shift Level Investigation is a "preponderance of evidence."

e. At any phase of a Shift Level Investigation, the supervisor may conclude that the allegation made does not constitute a "complaint" and may close the case, using the proper case disposition, with a written memorandum approved by the Chief of Police.

2. Internal Affairs Investigations:

a. Cases will be assigned to an internal affairs investigator appointed by the Chief of Police. The Internal Affairs Investigator does not have to be a member of the Surfside Police Department.

b. The investigator shall determine the disposition of an Internal Affairs investigation. The disposition must be concurred up the chain of command, with the Chief of Police having the final decision.

c. The burden of proof, regarding the disposition of Internal Affairs Investigations is a "preponderance of evidence."

d. Internal Affairs investigations will be completed within 60 calendar days of the receipt of the complaint. If any investigation is not completed within the specified time frame, the Internal Affairs investigator, via memorandum, will state the reasons for the delay, give the expected completion date, and request that an extension be granted. An extension can only be granted by the Chief of Police. However, the extension must be for a definite period of time, not to exceed 90 calendar days, except when the case has been turned over to the State Attorney's Office for criminal charges.

e. Subject employees have the right to be accompanied by counsel or other representatives of their choice, so long as the representative is not involved in the investigation.

1) The counsel or the representative is there to observe that the interview is conducted in a fair and objective manner and in accordance with FS 112.532.

---

    **2)**    The counsel or representative shall identify himself and state who he is representing.

    **3)**    Counsel or representatives shall not interrupt the interview by raising objections to questions or by making statements for the record unless the objection is based upon a procedure that violates the rights of the officer being interviewed.

    **4)**    The counsel or representative of an employee who interferes with or impedes the progress of the statement or investigation shall be asked to leave.

    **5)**    In the event counsel or the representative is asked to leave, the subject employee shall be afforded an opportunity to contact a replacement representative and be required to proceed with the interview.

**3.** Complaints by citizens which are not referred to internal affairs will be handled as follows:

    **a.** Any citizen complaint shall be handled by the employee's supervisor, and a copy of the initial complaint will be forwarded to him.

    **b.** The Operations Lieutenant shall maintain a shift level file, including results of any investigation and disciplinary action, if any resulted.

    **c.** Three similar citizen complaints within 12 months against an employee will not be handled at the supervisory level.  An internal affairs review will be conducted to see if the pattern of minor incidents may indicate a more serious problem.

    **d.** The Chief of Police or his designee will notify every complainant of the results of the investigation within one week after its conclusion.

**4.** Taking of Statements:

    **a.** When conducting an interview of a witness or the subject of an investigation, the employee will be recorded mechanically or by a stenographer. Prior to being compelled to answer questions, if appropriate, subject officers shall be given the Garrity Warning.

    **b.** The employee being interviewed must be informed that he/she is either a subject or witness in the investigation, and the rights afforded under the "Law Enforcement Officers' Bill of Rights" (FSS 112.532).

    **c.** The accused employee is entitled to the name of the complainant and all witness statements and reports against him/her pursuant to the "Law Enforcement Officers' Bill of Rights" (FSS 112.532-533).  The accused employee shall also be given written notification by memorandum of the nature of the complaint and sufficient information to apprise him/her of the allegation including the employee's rights and responsibilities relating to the investigation. **[20.02M]**

5. It will be the responsibility of the assigned investigator to:

   a. Keep the Chief of Police informed of the status of the investigation.

   b. Forward summaries of completed investigations to the Chief of Police for review and recommendations.

   c. In investigations involving alleged criminal conduct by the employee, the internal affairs investigator will maintain close liaison with the State Attorney's Office for legal advice and assistance in case preparation.

6. Use of Investigative Aids:

   a. The following investigative aids may be utilized during the course of an internal investigation with the exceptions noted:

      1) Non-intrusive medical examinations; **[20.03A]**

      2) Laboratory examinations; **[20.03A]**

         a) Pursuant to the collective bargaining agreement, employees may be required to submit to testing of this nature only in circumstances where the employee's' superior officer has a reasonable belief that the employee is under the influence of such substances, suffers from substance or alcohol abuse, or is in violation of rules and regulations regarding the use of such substances. Approval must also be obtained from the Chief of Police or designee prior to such testing).

      3) Photographs; **[20.03B]**

         a) Pursuant to the collective bargaining agreement, photographs of officers will not be released to the news media without the officer's consent, unless required by law.

      4) Line-ups; **[20.03C]**

      5) Financial disclosure statements; **[20.03D]**

      6) Pursuant to the collective bargaining agreement, no employee shall be forced to submit to an examination by a polygraph or other mechanical or electronic device to determine the truth of his/her statement. **[20.03E]**

7. Confidentiality:

   a. Unless the complaint deals with the delivery of police service, the designated supervisor will not discuss the case until instructed to perform an official investigation through the chain of command.

   b. An employee having knowledge of or involved as a subject or witness in a complaint shall not:

        **1)**      Independently participate in the investigation;

        **2)**      Be present during any investigative contact with the complainant's witness;

        **3)**      Contact the complainant or witnesses concerning the allegations;

        **4)**      Disclose or discuss the existence or facts of a complaint with anyone except designated department authorities conducting the investigation;

        **5)**      Obstruct or interfere with the investigation.

**c.**    Nothing in these procedures shall be construed to prohibit an employee from discussing any aspect of a complaint with his attorney or bargaining unit representative.

**d.**    All notes, reports, statements, or other items involving the investigation of internal affairs complaints will be maintained in a locked cabinet with access limited to those designated by the Chief of Police. **[20.01FM]**

**e.**    It shall be ensured that a file is prepared for every complaint assigned and a record is maintained in accordance with Florida Statutes. **[20.01DM]**

**f.**    Personnel involved with internal affairs matters are responsible for maintaining the confidentiality of the internal affairs investigations and records.

**g.**    Pursuant to Florida Statute, any and all information obtained pursuant to the investigation, including the nature of the complaint is confidential until the investigation ceases to be active or until the employee who is the subject of the complaint is given written notice of the conclusion and the finding of the investigation. **[20.01EM]**

**h.**    Pursuant to the Public Records Law (FSS 119), the public and media may review completed and closed cases upon application to the Chief of Police. Copies may be obtained upon application. **[20.01GM]**

## G.   INVESTIGATIVE FINDINGS:

**1.**    Upon the conclusion of the investigation, the complainant(s) and the affected department member(s) will receive written notification of the conclusion of fact(s) and disposition concerning the incident. **[20.04M]**

**2.**    The following dispositions shall be utilized for all internal affairs investigations and shift level investigations:

    **a.**    Sustained:  The allegation is supported by sufficient evidence to conclude that the employee committed one or more of the violations, or the investigation substantiated other violations by the subject employee.

    **b.**    Inconclusive:  The allegation has been investigated and there is insufficient proof to conform or refute the allegation.

**c.**    Exonerated:  The allegation has been investigated and the facts indicate that the action taken was consistent with agency policy.

**d.**    Unfounded:  The allegation has been investigated and the allegation is either demonstrably false or there is no credible evidence to support it.

**e.**    Closed:  The complainant will not cooperate with the investigation and in the investigator's opinion, there are no further leads or the complainant changes his mind about the allegation.

**3.**    Policy Failure:  At the conclusion of an internal affairs investigation, the investigator or supervisor shall note, after the finds and charges (if any) have been recorded, whether any policy failure contributed or caused the incident.  If a policy failure is found, the final report must include a description of the failure and a recommendation for change to remedy the defect.

**4.**    Procedures for Reporting Sustained Cases Involving Moral Character:  If an allegation has been sustained and determined to be a violation of Section 943.13(4) or (7), F.S. or Rule 11B-27.0011 the internal affairs investigator shall forward a copy of the report and supporting documentation to the Florida Department of Law Enforcement. **[20.01HM]**

**H.    INVESTIGATIVE REPORT COVER SHEET AND FORMAT:**

**1.**    The cover sheet for all investigations shall include the following information:

**a.**    Internal Affairs Unit's Case Number;

**b.**    Surfside Police Case Number;

**c.**    Date of Incident;

**d.**    Date of Allegation(s) was Reported;

**e.**    Complainant's Name(s);

**f.**    Witness' Name(s);

**g.**    Involved Officer(s);

**h.**    Name of Individual Conducting Investigation;

**i.**    Allegation(s):  Provide a brief description of the alleged misconduct;

**j.**    Violation(s):  List appropriate section(s) and content of the manual that applies to the alleged misconduct;

**k.**    Conclusion:  List one of the following dispositions for each violation:

**1)**    Sustained;

**2)**    Inconclusive;

      **3)**     Exonerated;

      **4)**     Unfounded;

      **5)**     Closed.

**2.** Persons Interviews/Person Not Interviewed:

    **a.** List the name, address, and telephone numbers of those people that are interviewed.  For police officers, indicate their current assignment in place of address and telephone numbers.  List the same information for individuals that are not interviewed and indicate the reason the interview did not take place.

**3.** Chronology of Facts:

    **a.** This section of the report will include detailed facts of the incident.  Dates and times of the events and what transpired should be documented in a chronological fashion.

**4.** Findings of the Investigation:

    **a.** This section will list pertinent information that has been revealed as a result of the investigation.  The facts that confirm or dispute the original allegation(s) should be provided as support for the conclusion of the investigation.

**5.** Conclusion:

    **a.** This section should state the disposition of the investigation and compliment the "Findings" section of the report.

**6.** Signatures:

    **a.** After the conclusion, the name of the investigator(s) will be indicated and the report will be printed and signed.  A section will be provided for the signatures of those that review the report.

| | |
|---|---|
| **Effective Date:** | **April 3, 2007** |
| **Revocations:** | **All existing orders in conflict.** |
| **Revision Date:** | **November 8, 2018** |
| **CFA Standards:** | **2.07M, 20.01M, 20.02M, 20.03, 20.04M** |

**Approved:**

**Julio Yero**
**Chief of Police**