Sec. 28. **-** Town attorney; appointment and duties of.

The commission shall appoint a town attorney, and a substitute to act in his absence, who shall act as the legal adviser to, and attorney and counsellor for, the municipality and all of its officers in matters relating to their official duties. He may or may not be a resident of the Town of Surfside, shall be a lawyer of at least five (5) years experience, admitted in and having authority to practice in all courts of the state, and in all Federal District Courts of the State, and be a member in good standing of the Florida Bar. He shall prepare all ordinances, contracts, bonds and other instruments in writing in which the municipality is concerned, and shall endorse on each his approval of the correctness thereof; and no contract with the municipality shall take effect until his approval as to its legality is so endorsed thereon. When required to do so by resolution of the town commission, he shall prosecute and defend for and in behalf of the town all complaints, suits and controversies to which the town is a party, and it shall be his duty to carry out all bond validation proceedings. He shall furnish the commission, or, by direction of the commission, any town officer or town board, his opinion on any question of law relating to their respective duties and powers, when request for such opinion is officially presented to him in writing.

In addition to the duties specifically imposed under this Charter, the town attorney shall perform such other professional duties as may be required of him by ordinance or resolution of the commission, or as prescribed for town attorneys under the general laws of the state, which are not inconsistent with this Charter or any ordinance or resolution which may be passed by the commission.

(Ord. No. 250, § 1(e), 3-17-53; Laws of Fla. ch. 29543(1953), § 3; Res. No. 620, §§ 1r—1s, 4-14-64; Res. No. 867, Amd. No. 4, 3-20-74)

**Editor's note—** The provisions of § 28 (first sentence excepted) appear to have been repealed by the Municipal Home Rule Powers Act (F.S. ch. 166) or to have assumed ordinance status pursuant to such act. *See* F.S. § 166.021. The adoption of the Code of Ordinances does not repeal ordinances published in the Charter. *See* Code § 1-10.

Sec. 31.1. **-** Personnel appeals board.

The town commission shall appoint a Personnel Appeals Board consisting of five qualified electors of Dade County, Florida, whose legal residence is in the Town of Surfside, to serve without compensation for two-year terms, and to fill vacancies thereon for unexpired terms. Any employee of the town, except the town manager, town prosecutor, town attorneys and town judges, who immediately prior thereto have been continuously employed by the Town of Surfside for at least two years, if he claims to have been discharged or reduced in pay or rank without cause, may file within twenty days from his discharge or reduction in pay or rank, with the Personnel Appeals Board, a statement of appeal which must allege that he has been continuously employed by the Town of Surfside for at least two years next preceding the filing of the statement of appeal set forth the facts regarding the discharge or reduction in pay or rank and request a

hearing. Within fourteen days after the filing of such appeal, the Personnel Appeals Board shall notify the employee of the date for formal hearing, which shall be no later than thirty days after the date of the filing of the statement of appeal.

The decision of the Personnel Appeals Board, if concurred in by four members of said Board, shall be binding upon the town and the employee. Such decision may either order a new hearing, or dismiss the appeal on the merits, or order the reinstatement of the employee absolutely or on terms and conditions, or may require such other action as may be just.

The town commission shall make such rules of procedure for the Personnel Appeals Board, by ordinance, from time to time as it may deem necessary.

(Res. No. 620, § 1x, 4-14-64; Res. No. 744, § 1(g), 1-15-70; Res. No. 867, Amd. No. 6, 3-20-74; Res. No. 23-3015, § 5(Exh. A), 8-22-23)

Sec. 35. - Powers and duties.

The town manager shall be the chief executive officer and the head of the administrative branch of the town government. He shall be responsible to the commission for the proper administration of all affairs of the town and to that end he shall have power and shall be required to:

(1) Appoint and remove officers and employees of the town except as otherwise provided by this Charter and except as he may authorize the head of a department or office to appoint and remove subordinates in such department or office.

(2) Prepare the budget annually and submit it to the council and be responsible for its administration after adoption.

(3) Prepare and submit to the commission as of the end of the fiscal year a complete report on the finances and administrative activities of the town for the preceding year.

(4) Keep the commission advised of the financial condition and future needs of the town and make such recommendations as may seem to him desirable.

(5) Supervise and be responsible for the disbursement of all moneys and have control over all expenditures to ensure that budget appropriations are not exceeded.

(6) Maintain a general accounting system for the town government and each of its offices, departments and agencies; keep books for and exercise financial budgetary control over each office, department and agency; keep separate accounts for the items of appropriation contained in the town budget, each of which accounts shall show the amount of the appropriation, the amounts paid therefrom, the unpaid obligations against it and the unencumbered balance; require reports of receipts and disbursements from each receiving and spending agency of the town government to be made daily or at such intervals as he may deem expedient.

(7) Submit to the commission a monthly statement of all receipts and disbursements in sufficient detail to show the exact financial condition of the town.

(8) Prepare for the commission, as of the end of each fiscal year, a complete financial statement and report.

(9) Give such notice of taxes and special assessments as may be required by law.

(10) Collect all taxes, special assessments, license fees and other revenues of the town or for whose collection the town is responsible and receive all money receivable by the town from the state or federal government, or from any court, or from any office, department or agency of the town.

(11) Have custody of all public funds belonging to or under the control of the town, or any office, department or agent of the town government, and deposit all funds coming into his hands in such depositories as may be designated by resolution of the commission, or, if no such resolution be adopted, subject to the requirements of law as to surety and the payment of interest on deposits, but all such interest shall be the property of the town and shall be accounted for and credited to the proper account.

(12) Have custody of all investments and invested funds of the town government, or in possession of such government in a fiduciary capacity, and have the safekeeping of all bonds and notes of the town and the receipt and delivery of town bonds and notes for transfer, registration, or exchange, subject at all times to the direction of the commission by resolution or ordinance.

(13) Supervise and be responsible for the purchase, storage and distribution of all supplies, materials, equipment and other articles used by any office, department or agency of the town government.

(14) Approve all proposed purchases and other expenditures and certify that there is an unencumbered balance of appropriated and available funds. No appropriation shall be encumbered and no expenditure shall be made without such certification.

(15) Sign jointly with the mayor or any one of the other commissioners all checks drawn on the town's depositories, unless such signing of checks is otherwise directed by a resolution adopted by the commission designating two (2) elected officials or the town clerk and an elected official as authorized signatories.

(16) Perform such other duties as may be prescribed by this Charter or required of him by the commission, not inconsistent with this Charter.

(17) Prepare and submit in writing to the commission a complete financial statement and a report upon the completion of any capital improvement project involving the expenditure of $2,500 or more.

(Res. No. 620, §§ 1aa, 1hhh, 4-14-64; Res. No. 833, Amd. No. 2, 11-8-72; Res. No. 847, Amd. No. 3, 4-11-73; Res. No. 867, Amd. No. 7, 3-20-74; Ord. No. 1000, § 1, 11-11-80; Ord. No. 1047, § 1, 8-30-82; Ord. No. 1186, § 1, 10-11-88; Ord. No. 1360, § 1, 12-12-95; Ord. No. 1443, § 1, 9-9-03; Ord. No. 18-1671, § 2, 2-13-18)

**Editor's note—** The dollar amount in the next to last sentence of § 35(14) appears to have assumed ordinance status pursuant to the Municipal Home Rule Powers Act (F.S. ch. 166). *See* F.S. § 166.021. The adoption of the Code of Ordinances does not repeal ordinances published in the Charter. *See* Code § 1-10.

Sec. 35.1. - Right of town manager to sit on commission.

The town manager shall be entitled to a seat on the commission and shall have the right to take part in the discussions on all matters coming before the commission, but shall have no vote therein.

(Res. No. 620, § 1bb, 4-14-64)