# *M A N D A T E*

### FROM CIRCUIT COURT
### APPELLATE DIVISION
### ELEVENTH JUDICIAL CIRCUIT
### MIAMI-DADE COUNTY, FLORIDA

APPELLATE CASE #: 2025-000035-AP-01

*DINA GOLDSTEIN, PETITIONER*

**vs.**

*TOWN OF SURFSIDE, FLORIDA, RESPONDENT*

This cause having been brought to this Court by appeal, and after due consideration the court having issued its opinion.

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause in accordance with the opinion of this COURT attached hereto and incorporated as part of this order, and with the rules of procedure and laws of the STATE OF FLORIDA.

WITNESS the Honorable Daryl E. Trawick, Administrative Judge of the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit of Florida and the seal of the said Circuit Court at Miami, this 29 day of December 2025.

A True Copy
Attest
*Juan Fernandez-Barquin*
*Clerk of the Court and Comptroller*

By: _____

Jared Barreto Deputy Clerk, E406932

Filing # 237580998 E-Filed 12/12/2025 09:14:50 AM

NOT FINAL UNTIL DISPOSITION
OF TIMELY-FILED MOTION FOR
REHEARING OR CLARIFICATION

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

DINA GOLDSTEIN,
    Petitioner,

CASE NO. 2025-35-AP-01

APPELLATE DIVISION

v.

TOWN OF SURFSIDE,
    FLORIDA,
    Respondent.

_____/

**OPINION**

Opinion filed: December 12, 2025.

On a Petition for Writ of Certiorari from a decision by the Personnel
Appeals Board for the Town of Surfside.

Brian H. Pollock, Esq. and P. Brooks LaRou, Esq., of Fairlaw Firm,
as counsel for Petitioner, Dina Goldstein.

Jack C. Reiter, Esq. and Kristie Hatcher-Bolin, Esq., of Gray
Robinson, P.A., as counsel for Respondent, Town of Surfside.

Before: TRAWICK, DE LA O, AND ARECES, R., JJ.

ARECES, R., J.

      Petitioner, Dina Goldstein ("Petitioner"), filed a Petition for Writ

of Certiorari (the "Petition") wherein she claims that Respondent,

1

the Town of Surfside ("Respondent"), rendered a decision to uphold her termination that departed from the essential requirements of the law, was unsupported by competent, substantial evidence, and deprived her of the due process of law. This Court agrees Petitioner is entitled to relief. The Petition is, therefore, granted.

On a petition for writ of certiorari, this Court must determine (1) whether procedural due process was afforded, (2) whether the essential requirements of the law were observed, and (3) whether the administrative findings were supported by competent substantial evidence. *Miami Dade County v. Omnipoint Holdings, Inc.*, 863 So. 2d 195, 199 (Fla. 2003).

In this case, the Court's analysis is simple.

## I.   Lack of Competent Substantial Evidence

Following a lengthy evidentiary hearing to determine if Petitioner's termination was for "cause," the Personnel Appeals Board (the "Board") *unambiguously* found there was no cause for Petitioner's termination. *See* Appx. 2 at 685 ("there's no cause for termination").

The Board then turned to what should happen next. *Id.* Specifically, the Board stated, "I think the question that we need to

2

deliberate on next. Now what? What's next?" *Id.*

The Board and the Parties engaged in a lengthy discussion concerning a proper remedy. The Town Manager explained that the Board "can fashion all kinds of terms and conditions that would theoretically be binding as long as four [Board members] concur in that" but that "as a former judge...we always like the parties to resolve it." *Id.* at 687.

Some of the possible resolutions discussed included giving Petitioner a "decent recommendation" so that she could find another job. *Id.* at 686. Perhaps even a "glowing recommendation." *Id.* at 689. One Board member spoke bluntly,

> Could we possibly go on an agreement that the town will agree that, you know, we won't tarnish her moving forward, but we don't have anything to offer her. And after the last commission meeting, I'm sorry, but you're never getting $95,000 in this town....**Look, if I was you, and I'm just being honest, if I was you, I would take that they're not going to tarnish you, that they're going to say you're rehirable, and I would move on**, because everything on the town board is about their job boards [sic] is $55,000. And if you were making 95 and they're not going to give more than a 5% raise, you need to go somewhere else. And, obviously, you can't work with Chief Doce. **I think its time to really cut your losses and move on.**

3

*Id.* at 689-90 (emphasis added).  Finally, the Board suggested that, perhaps, Petitioner should just be "allowed to retire." *Id.*  One Board member opined that Petitioner should "[t]ake a break. Enjoy life. Life is not all about work." *Id.* at 698.

Following these discussions, the Town Manager suggested the parties "adjourn perhaps to a date certain so that counsel [for Petitioner] and [the Town Manager] could try to work out the language of any resolution." *Id.*  One Board member agreed they should adjourn and hoped there would be a "win-win" resolution. *Id.*  Another Board member repeated that "resignation is the avenue that allows [Petitioner] to move on and leave the ship with all the high honors that she deserves." *Id.* at 699.

When the Parties reconvened before the Board, the Board learned that Petitioner had failed to reach a resolution with Respondent, and so they terminated her.

One Board member appeared bothered that Petitioner had not taken "the opportunity to negotiate her way out in an honorable way so that, you know, this didn't tarnish her reputation." *Id.* at 729.  A second Board member appeared preoccupied with the fact that

4

Petitioner, who having been terminated without cause, had not "remov[ed]" or "withdraw[n] all her grievances against the town." *Id.* at 730. That second Board member wondered if "there was any way that [Petitioner] can get a positive recommendation moving forward" mere moments before voting to uphold Petitioner's termination. *Id.* at 730-31.

Section 2-151 of Respondent's Code of Ordinances governed the proceedings below. *See* Code of Ordinances, Town of Surfside, FL, § 2-151. Said section consists of twelve rules. *Id.* Rule 11 provides that the Board must *first* determine if there "was no basis for the adverse employment action." *Id.* Following its determination, the Board is afforded wide discretion to craft an appropriate remedy. *Id.*

Specifically, Rule 11 reads as follows,

> The decision of the board must be based on whether the town's discharge or reduction in pay or rank of the employee was for cause. In order for the board to find the manager or his designee acted without cause, the board must find there was no basis for the adverse employment action. The board shall then take one or more of the following actions: order a new hearing; dismiss the appeal on the merits; order reinstatement of the employee, absolutely or on terms or conditions; or require such other action as may be just.

*Id.*

In this case, the Board found Petitioner was fired without cause. *See* Appx. 2 at 685 ("there's no cause for termination"). Following that determination, the Board was tasked, by its own Code, to take some action "as may be just." *See* Code of Ordinances, Town of Surfside, FL, § 2-151, Rule 11. The Board moved in that direction when, having determined Petitioner was terminated without cause, it deliberated over its remedial options.

The Board, however, proceeded to render a decision unsupported by competent and substantial evidence, when, without any new evidence, it chose to uphold Petitioner's termination *after* finding there was no cause for termination.

## II.   Departure from the Essential Requirements of the Law

The Board departed from the essential requirements of the law when it failed to take remedial action in accordance with its evidentiary findings. There is no provision of Rule 11 that allows the Board to uphold Petitioner's termination simply because Petitioner could not reach an agreement as to the appropriate remedy for her termination *without* cause.

6

## III.   Petitioner was Deprived of the Due Process of Law

The basic requirements of due process are "notice and a *meaningful* opportunity to be heard." *Pena v. Rodriguez*, 273 So. 3d 237, 240 (Fla. 3d DCA 2019) (emphasis added). The Florida Supreme Court has, moreover, explained that "[t]here is…no single, unchanging test which may be applied to determine whether the requirements of procedural due process have been met." *Hadley   v.   Dept.   of Administration*, 411 So. 2d 184, 187 (Fla. 1982); *see also Volynsky v. Park Treet Investments 21, LLC.*, 322 So. 2d 714, 715 (Fla. 3d DCA 2021) ("the specific parameters of the notice and opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding.").

Additionally, Florida courts have long held that due process must not be illusory. *See e.g. Redman v. Kyle*, 76 Fla. 79 (Fla. 1919) ("the hearing allowed must be such as is practicable and reasonable in the particular case, not merely colorable and illusory."). Florida courts have, in fact, held that "due process requires that judicial decisions be reached by a means that preserves both the appearance and reality of

7

fairness." *Pena*, 273 So. 3d at 240.

In this case, the transcript reveals that any due process afforded Petitioner was, at best, illusory. Petitioner attended an evidentiary hearing where both sides presented evidence. The Board then deliberated and found no cause for Petitioner's termination. The only thing left to do was for the Board to craft a just remedy. Finding the task too difficult, or perhaps simply frustrated that Petitioner was not keen on its suggestion that she just retire or "move on," the Board, *contrary to its own evidentiary findings*, voted to uphold her termination for cause.

That is not due process.

While the Board was, pursuant to Rule 11, free to reinstate Petitioner with or without conditions, or even require "such other action as may be just," the Board was *not* free to ignore its own evidentiary findings and uphold termination simply because it found the remedies available to it too unpopular, inconvenient or inexpedient.

The Board's actions rendered Petitioner's opportunity to be heard "illusory," and, as a result, deprived Petitioner of the due process of law.

In conclusion, and for the aforementioned reasons, the Petition is GRANTED and the decision below is QUASHED.

de la O, M., J. concurs.

Trawick, D., J. concurs for the reasons stated in sections I and II of the Court's Opinion.

9