Filing # 241672642 E-Filed 02/12/2026 06:34:47 PM

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

DINA GOLDSTEIN,

    Petitioner,

v.

TOWN OF SURFSIDE, FLORIDA,

    Respondent.

_____/

Case No.: 2025-000035-AP-01
Appellate Division

## RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO ENFORCE MANDATE

Respondent, Town of Surfside, Florida (the "Town"), through its undersigned counsel and pursuant to Fla. R. App. P. 9.300, files this Response in Opposition to Petitioner's Motion to Enforce Mandate ("Motion") [DIN 27], and states as follows in support thereof:

1. Petitioner's Motion is premised on a fundamental misreading of this Court's Mandate [DIN 26] and Opinion [DIN 25].

2. The Mandate commands that "further proceedings be had in said cause in accordance with the opinion. . . and with the rules of procedure and laws of the State of Florida." DIN 26, p. 1. The Mandate thus returns jurisdiction for remanded proceedings consistent with

1

this Court's Opinion and applicable law; it is not self-executing[1] and does not direct the Town to perform any discrete act by a date certain.

3.     Put plainly, the Opinion granted the Amended Petition for Writ of Certiorari and quashed the Town's Personnel Appeals Board's ("PAB") decision because the PAB upheld termination after finding no cause and, in turn, failed to apply Rule 11 of Section 2-151 of the Town's Code of Ordinances ("Code"). *See* DIN 25, p. 6; Section 2-151 of the Code is attached hereto as "Exhibit A."

4.     Section 2-151 of the Code governs appeals by Town employees to the PAB. Under Rule 2 of Section 2-151, "[w]ithin 14 days after the filing of the appeal, the board shall give the employee written notice … of the date set for the formal hearing of the appeal," and "[t]he date of the hearing shall be *no later than 30 days after the date of the filing of the appeal*." Ex. A. (emphasis added).

5.     Rule 3 provides that the purpose of the hearing is to provide an informal forum to determine whether the Town had cause to discharge or reduce an employee's pay or rank. These rules establish

---

[1] The Town does not contend that remanded proceedings may be delayed indefinitely or conducted without reasonable promptness. To the contrary, the Town recognizes the importance of timely compliance with this Court's Mandate and is undertaking the administrative steps necessary to re-docket the matter before the PAB in the ordinary course consistent with Sunshine Law notice requirements, Board availability, and municipal scheduling constraints. The Town's position is that neither the Mandate nor the Opinion prescribes court-imposed deadlines or self-executing remedies, and that the appropriate timing of remanded proceedings to a municipal personnel board is a matter of reasonable administrative scheduling rather than coercive enforcement.

the timing and purpose of the *initial* PAB hearing following the filing of an administrative appeal.

6. Rule 11 of Section 2-151 addresses the PAB's remedial authority after the Board determines whether the Town acted "for cause." If the PAB finds the Town acted without cause, Rule 11 authorizes the Board to "take one or more of the following actions: order a new hearing; dismiss the appeal on the merits; order the reinstatement of the employee, absolutely or on terms or conditions; or require such other action as may be just." Rule 11 thus defines the scope of permissible remedies available to the PAB; but it does not impose any time-specific deadline by which a particular remedy must be selected or implemented.

7. Petitioner now asserts that, following this Court's Mandate entered on December 29, 2025, the Town was required under Section 2-151's rules to provide her with notice of a new PAB hearing within 14 days of the Mandate, to conduct a PAB hearing within 30 days of the Mandate, to reinstate Petitioner's employment within that same timeframe, and to restore all wages, benefits, leave, and seniority retroactive to November 2024. According to Petitioner, the Town's

alleged failure to satisfy these timelines constitutes noncompliance with the Mandate.

8.     Petitioner's construction of Section 2-151 is misguided. Rules 2 and 3, by their plain terms, are triggered by "the filing of the appeal" to the PAB—not by the issuance of an appellate mandate following certiorari review. Those provisions regulate the scheduling of the initial administrative appeal hearing; they do not purport to reset procedural clocks or impose post-mandate deadlines whenever a reviewing court quashes a PAB decision and remands for further proceedings.

9.     Likewise, neither Rule 11 nor the appellate decision mandates immediate reinstatement, back pay, or any other specific remedial outcome, nor do they impose a deadline by which remedial action must occur. Rule 11 prescribes the menu of remedial options available to the PAB after it lawfully applies the "for cause" standard; it does not convert a remand into a self-executing reinstatement order or supply judicially enforceable timelines. Nothing in Section 2-151 of the Code transforms internal administrative procedures into court-ordered deadlines following appellate review.

10.    Consistent with the foregoing and as noted above, the Opinion itself does not impose any judicially mandated deadline for the Town's proceedings on remand, nor does it order reinstatement or the payment of wages or benefits. The Opinion granted the Amended Petition for Writ of Certiorari and quashed the PAB's decision for failure to apply Rule 11; it did not substitute this Court's discretion for that of the PAB as to the appropriate remedy.

11.    When a circuit court acts in its appellate certiorari capacity to review administrative action, its remedial authority is strictly circumscribed. As Florida's Third District Court of Appeal has explained, "as an appellate court granting a petition for certiorari, the circuit court could only quash the special magistrate's findings, conclusions, and order," and any direction to the administrative agency to take a particular remedial action exceeds that authority. *Miami-Dade County v. Snapp Industries, Inc.*, 319 So. 3d 739, 743 (Fla. 3d DCA 2021) (quoting *Monroe Cnty. v. Carter*, 41 So. 3d 954, 958 n.6 (Fla. 3d DCA 2010). This limitation reflects the settled principle that, upon certiorari review, the reviewing court may quash unlawful administrative action but does not dictate the specific remedial steps the tribunal or hearing officer(s) must take on remand.

12.   The same principle applies in the municipal personnel context. In reviewing municipal personnel board decisions by certiorari, Florida courts have recognized that judicial authority "does not include directing that any particular action be taken," even though quashing an order of termination may, as a practical matter, lead to reinstatement. *City of Kissimmee v. Grice*, 669 So. 2d 307, 309 (Fla. 5th DCA 1996). Thus, while the practical consequences of a general remand order may include reinstatement depending on the PAB's application of the governing standard, the remedial determination itself remains committed to the PAB's discretion under the applicable Code provisions.

13.   Petitioner's Motion improperly seeks to expand this Court's certiorari role beyond quashing unlawful administrative action by asking the Court to compel reinstatement, impose deadlines, and order the payment of wages and benefits. That relief is inconsistent with the limited remedial authority recognized in *Snapp Industries* and *Grice* and beyond the scope of the administrative framework established by Section 2-151 of the Town's Code.

14.   Against this backdrop, Petitioner's resort to coercive enforcement tools is misplaced. Florida Rule of Civil Procedure 1.570

governs enforcement of final judgments, including judgments requiring the performance of specific acts. Its enforcement mechanisms presuppose a clear and definitive judicial command suitable for coercive enforcement. The Mandate here—directing "further proceedings … in accordance with the Opinion"—is not a final judgment ordering specific performance and does not specify any act to be performed by the Town or its PAB by a date certain.

15.    General remand orders for "further proceedings" do not constitute the type of specific directive that Rule 1.570 is designed to enforce.

16.    More broadly, Florida courts have made clear that coercive enforcement mechanisms, including contempt, cannot be used to enforce orders that lack clarity and specificity. "It is well established that a party cannot be sanctioned for contempt for violating a court directive or order which is not clear and definite as to how a party is to comply with the court's command." *Ross Dress for Less Va., Inc. v. Castro*, 134 So. 3d 511, 513 (Fla. 3d DCA 2014). Likewise, when an order is not sufficiently explicit or precise to put a party on notice of what conduct is required, it cannot support a finding of willful

noncompliance. *See Dep't of Health v. Rehab. Ctr. at Hollywood Hills, LLC*, 259 So. 3d 979, 984 (Fla. 1st DCA 2018).

17. The Town is proceeding in good faith to re-docket this matter before the PAB and to conduct further proceedings in accordance with the Opinion, the Town Code, and applicable law, within a reasonable administrative scheduling timeframe.

18. The Town anticipates that the matter will be placed on the PAB's agenda and addressed in the ordinary course within a reasonable administrative scheduling timeframe, subject to Florida's Sunshine Law notice requirements, PAB availability, and municipal scheduling constraints.

19. To the extent Petitioner now seeks time-specific directives or self-executing relief, such relief is not found in the Mandate or Opinion and was not sought through a timely motion for rehearing or clarification; Petitioner's present Motion impermissibly attempts to read into the Mandate obligations that the Court did not impose.

20. The Town is fully committed to complying with this Court's Mandate and Opinion, and to implementing any lawful remedial determination made by the PAB in accordance with its Charter, Code, and governing law.

WHEREFORE, Respondent, Town of Surfside, Florida, respectfully requests that this Court deny Petitioner's Motion to Enforce Mandate and decline to: (i) Find any noncompliance by the Town with respect to the Court's Mandate; (ii) Compel immediate notice of, or impose a court-ordered or artificially compressed timetable for, any resumed PAB proceedings, where the Mandate sets no time-specific directive and the Town is proceeding within a reasonable administrative scheduling timeframe; (iii) Direct the PAB to order reinstatement or otherwise dictate the substance of any remedial determination on remand; (iv) Declare Petitioner the prevailing party for purposes of Fla. Stat. § 448.08 or adjudicate entitlement to wages, fees, or costs in this appellate enforcement posture; (v) Award attorney's fees, costs, interest, or other monetary relief not ordered in the Mandate or Opinion; (vi) Authorize the issuance of writs of attachment, contempt, or other coercive enforcement mechanisms under Fla. R. Civ. P. 1.570 in the absence of any clear, time-specific judicial command; or (vii) Grant any other relief that would expand the scope of the Mandate beyond quashing the prior administrative order and remanding for further proceedings consistent with the Opinion and applicable law.

9

Dated: February 12, 2026.

Respectfully submitted,

**GrayRobinson, P.A.**
/s/   Marlene Quintana
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Andres J. Garcia
Florida Bar No. 1058220
andy.garcia@gray-robinson.com
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2026 a true and correct copy of the foregoing has been filed and served electronically via the Florida Court's E-Filing Portal upon:

Brian H. Pollock, Esq.
Fairlaw Firm
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
brian@fairlawattorney.com
*Counsel for Petitioner*

/s/ Marlene Quintana
*Counsel for Defendant*

10

#65968244 v1

# EXHIBIT A

Rutsville, FL Code of Ordinances

Sec. 2-151. - Personnel appeals board rules of procedure.

The commission hereby adopts the following rules of procedure for the personnel appeals board (the "board"):

*Rule 1.* Any employee of the town, except the town manager, town prosecutor, town attorneys and town judges who after being continuously employed by the town for at least two years (the "employee") and has been discharged or reduced in pay or rank without cause, may file with the board a written appeal (the "appeal"). The appeal must set forth the facts regarding his/her discharge or reduction in rank or pay, allege that he/she has been continuously employed by the town for at least two years, and request a hearing. The appeal must be filed by the employee within 20 days from his/her discharge or reduction in pay or rank. An employee who has been demoted for failure to satisfactorily complete a promotional probationary period to a higher rank or position shall not have the right to appeal to the board.

*Rule 2.* Within 14 days after the filing of the appeal, the board shall give the employee written notice, at his/her last known address, of the date set for the formal hearing of the appeal (the "hearing"). The date of the hearing shall be no later than 30 days after the date of the filing of the appeal.

*Rule 3.* The purpose of the hearing is to provide an informal forum for the presentation of information by the town and the employee to determine whether the town had cause to discharge or reduce the employee's pay or rank.

*Rule 4.* A quorum must be present at the hearing. Four members of the board constitute a quorum.

*Rule 5.* At the beginning of the hearing, the board shall select a chairperson. Although a formal evidentiary hearing is not contemplated, rulings on objections and other questions of law shall be made by the chairperson, with the assistance of the town attorney. Only evidence material to the issue at hand shall be accepted by the board.

*Rule 6.* At the hearing, the board shall be represented by the town attorney. The town attorney shall advise and assist the chairperson and the board in the conduct of the hearing, including questions of law and evidence. Before making any ruling(s), the chairperson or any member of the board may request the opinion of the town attorney.

*Rule 7.* The town manager, department head or other town employee responsible for the discharge or reduction in pay or rank of the employee shall present his/her evidence to support the action taken by or through him/her.

*Rule 8.* The employee shall then have the right to present evidence to refute the charges brought against him/her.

*Rule 9.* The board shall have the right to administer oaths; and the board may, on its own motion or at the request of either party, call or subpoena any person or records for the purpose of ascertaining the facts.

*Rule 10.* Witnesses may be called to testify at the hearing by either the town or the employee and their names shall be included on a witness list to be provided to the board and the other party at least five days prior to the hearing.

*Rule 11.* The decision of the board must be based on whether the town's discharge or reduction in pay or rank of the employee was for cause. In order for the board to find the manager or his designee acted without cause, the board must find there was no basis for the adverse employment action. The board shall then take one or more of the following actions: order a new hearing; dismiss the appeal on the merits; order the reinstatement of the employee, absolutely or on terms or conditions; or require such other action as may be just.

*Rule 12.* The decision of the board, if concurred in by four members, shall be binding upon the town and the employee and shall be recorded by resolution.

(Ord. No. 1483, § 2, 7-10-07)